**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
06/16/2006
Log Number 511244027

**TO:** Susan Witherspoon, Manager, Legal Services
MeadWestvaco Corporation
Courthouse Plaza, NE
Dayton, OH, 45463-

JUN 19 2006

**RE:** **Process Served in Alabama**

**FOR:** MeadWestvaco Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sheila G. Henderson, as PR of the heirs-at-law, Pltf. vs. Meadwestvaco Corp. & CSX Transportation, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | St. Clair County Circuit Court, Al<br>Case # CV 06 122 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death - Exposure to chemicals - failure to provide a safe workplace |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/16/2006 at 15:00 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Charles E. Robinson, Jr.<br>PO Box 370<br>Ashville, AL, 35953 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790961001283<br>Email Notification, Susan Witherspoon SKW1@MEADWESTVACO.COM<br>Email Notification, Karen L. Allison kla12@meadwestvaco.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109<br>334-387-7680 |


EXHIBIT B

Page 1 of 1 / CT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

| State of Alabama Unified Judicial System | SUMMONS | Case Number |
|---|---|---|
| Form C-34   Rev 6/88 | - CIVIL - | CV-06-122 |

IN THE ___CIRCUIT___ COURT OF ___ST. CLAIR___ COUNTY

**Plaintiff**  Sheila G. Henderson, as PR of the heirs-at-law  **v. Defendant**  MeadWestvaco Corp., CSX Transportation, Inc.

and/or wrongful death beneficiaries of Tony R. Henderson   Bill Vann Co. Inc., and Fictitious Defendants 1-100

**NOTICE TO** ___MeadWestvaco Corporation c/o Registered Agent: The Corporation Company, 2000 Interstate Park Drive, Ste. 204, Montgomery, AL 36109___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___Charles E. Robinson, Jr., Robinson Law Firm___ WHOSE ADDRESS IS ___P.O. Box 370, Ashville, Alabama 35953___.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☒ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date ___6-16-06___   Clerk/Register ___[signature]___  By: _____

☐ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____ (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____   Server's Signature _____

Address of Server _____   Type of Process Server _____

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

SHEILA G. HENDERSON, as personal )
representative of the heirs-at-law )
and/or wrongful death beneficiaries of )
Tony R. Henderson, )
)
Plaintiff, )            CV-06-122
)
vs. )
)
MEADWESTVACO CORPORATION, )
CSX TRANSPORTATION, INC., )
BILL VANN COMPANY, INC., )
and Fictitious Defendants 1-100 (more )
particularly described in paragraphs 4 )
and 9 of the complaint), )
)
Defendants. )

### COMPLAINT FOR WRONGFUL DEATH
### PURSUANT TO ALA. CODE § 6-5-410 (1975)

### PLAINTIFF DEMANDS A JURY TRIAL

COMES NOW the Plaintiff, by and through counsel, and files this Complaint against the Defendants as follows:

### PARTIES

1.  The Plaintiff's Decedent was an adult citizen of Alabama at the time of his death. He was exposed to asbestos originating from the use and/or presence of raw asbestos and/or asbestos-containing products at, *inter alia*, his work sites in St. Clair County, Alabama.

2.  The Defendants are sole proprietorships, partnerships, limited partnerships, limited liability companies or corporations which are: (1) existing under and by virtue of the laws of the State of Alabama; (2) existing under and by virtue of the laws of some other state, which are residents of Alabama by virtue of establishing a registered agent for service of

1

process therein; (3) existing under and by virtue of the laws of some other state, which obtained certificates of authority to transact business in Alabama; (4) existing under and by virtue of the laws of some other state and have conducted or are conducting business in Alabama; and/or (5) existing under and by virtue of the laws of some other state and have committed torts against the Plaintiff's Decedent in Alabama. Service of process may be had upon the Defendants by certified mail, return receipt requested, or by delivery by a process server.

3. The Defendants are joined herein pursuant to ARCP 20(A) due to the Plaintiff's assertion against them jointly, severally, or in the alternative, of a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and to resolve common question(s) of law or fact as to all of the Defendants which will arise in this action.

4. The Fictitious Defendants, those defendants whose identities are presently unknown, will be temporarily identified as Fictitious Defendants 1 - 100. The Fictitious Defendants are more particularly described in Paragraph 9 below. The Plaintiff will amend her pleadings in this action when each Fictitious Defendant's true name is discovered and said Defendant will be given proper notice of the same.

## REMOVAL

5. Removal of this action is improper for the following reasons: (a) the federal courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal question; (c) there is a lack of complete diversity of citizenship between the Plaintiff and Defendants; (d) the presence of Alabama defendant(s) eliminates the Defendants' right of

2

removal even when there is complete diversity of citizenship between the plaintiff and defendants; (e) the Plaintiff expressly disclaims every claim arising under the Constitution, treaties or laws of the United States (including any claim arising from an act or omission on a federal enclave, or by any officer of the United States or any agency or person acting under him/her under color of such office); (f) no claim of admiralty or maritime law is raised; (g) the Plaintiff sues no foreign state or agency; and (h) the Circuit Court of St. Clair County, Alabama is a proper venue for this action.

6. Removal based in whole or in part on the bankruptcy of any Defendant, whether named or fictitious, any joint tortfeasor and/or any predecessor, successor, subsidiary, affiliate, assignee, etc. thereof, would be frivolous. Under Alabama law, the Defendants are jointly and severally liable to the Plaintiff with no right of contribution and/or indemnity among or between themselves, any other joint tortfeasor and/or third persons. The Plaintiff, in her sole discretion, may choose to pursue a claim against one joint tortfeasor, all or any combination thereof. Moreover, the Plaintiff, in her sole discretion, may choose to collect any judgment entered against multiple Defendants from one, all or any combination thereof. Therefore, the bankruptcy of any entity referenced hereinabove will have no effect on the removing Defendants' liability to the Plaintiff whatsoever.

**VENUE**

7. Venue is proper in this Court pursuant to *Ala. Code* § 6-3-7 (a) (1975). A substantial part of the events or omissions giving rise to the claims asserted herein occurred in St. Clair County, Alabama.

3

## FACTUAL BACKGROUND

8. The Plaintiff's Decedent was killed as a result of his exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemically-resistant mineral substances commonly and generically referred to as "asbestos". The Plaintiff's Decedent was exposed to asbestos fibers released from asbestos containing materials delivered to and used at, *inter alia,* CAPCO Pipe Company Inc.'s industrial facilities in and around Ragland, Alabama. Asbestos fibers contaminated his work environment through a variety of ways including, but not limited to, the use and/or presence of raw asbestos and asbestos containing products (hereinafter collectively referred to as "acm's").

9. Each Defendant, named and fictitious, is jointly and severally liable to the Plaintiff for the wrongful death of the Plaintiff's Decedent. Each Defendant, both substantially prior to and during the exposure period, contaminated his work sites with respirable asbestos fibers by one or more of the following means: (1) using, delivering, installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying and/or selling acm's; (2) recommending and/or approving (at least tacitly) of the use of acm's in conjunction with, in or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold; (3) failing to warn of the health hazards associated with or otherwise discourage the use of acm's in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold when the use of the same was reasonably foreseeable; (4) failing to maintain the Plaintiff's Decedent' work sites in a reasonably safe manner by allowing the same to be contaminated with asbestos; (5) failing to implement sound industrial hygiene practices

to protect Plaintiff's Decedent from exposure to hazardous substances; (6) failing to properly inspect the railcars which transported acm's to the Plaintiff's Decedent's place of employment and failing to warn Plaintiff's Decedent of the hazards present on the railcars; (7) failing to adequately warn the Plaintiff's Decedent of the unsafe nature of their work sites or to provide him with appropriate safety equipment to eliminate his exposure to asbestos; and/or (8) failing to provide an adequate means of removal of asbestos fibers from the Plaintiff's Decedent's clothing, etc. to eliminate his exposure to asbestos fibers which contaminated the same. Each of the Defendants represented to the general public, including the Plaintiff's Decedent, that the use of asbestos was reasonably safe.

10. Most airborne asbestos fibers are microscopic in size, fall at a very slow rate and can easily be "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the acm's from which the fibers were released are no longer in use. Asbestos fibers settle on, *inter alia*, work clothing and can be carried from place to place, even away from the work place, by the movement of, *inter alia*, the person wearing the clothing. Such asbestos-laden clothing can contaminate a home, car or other locations by releasing asbestos fibers into the atmosphere. Subsequently, the Plaintiff's Decedent was exposed to asbestos fibers that were first released at his work place, in his home, car or other location where he carried it on his work clothing.

11. At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely

5

hazardous to humans; (2) that asbestos fibers in all acm's are easily released into the air and virtually pollute a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of acm's; (5) that the combined use of acm's over a significant period of time would pollute the Plaintiff's Decedent's (or their spouse's, parent's, etc.) work environment, virtually insuring that they would constantly be exposed to asbestos; and (6) that the Plaintiff's Decedent's exposure to asbestos would not be limited to that particular Defendant's acm's thereby eliminating any basis for it to assert that its acm and/or any exposure to respirable asbestos fibers is reasonably safe.

12. Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer and other cancers.

## DAMAGES

13. The Decedent's asbestos related cancer, mesothelioma, was his direct and/or efficient cause of death. Each and every exposure to asbestos contributed to cause his asbestos related cancer.

## ALABAMA WRONGFUL DEATH ACT

14. The Plaintiff specifically and only alleges a cause of action against all of the Defendants, jointly and severally, for the wrongful death of the decedent pursuant to *Ala. Code* § 6-5-410 (1975) ("The Alabama Wrongful Death Act"). No other cause of action is alleged

6

herein by the Plaintiff against any Defendant.

15. The Alabama Wrongful Death Act entitles the Plaintiff to recover punitive damages for even the simple negligence of the Defendants without any applicable cap on the same.

WHEREFORE, premises considered, the Plaintiff demands judgment against the Defendants, jointly and severally, for damages in excess of the jurisdictional limits of this Court, plus costs and all other forms of relief provided by law or equity.

Respectfully Submitted,

***ATTORNEYS FOR PLAINTIFF***

*THE ROBINSON LAW FIRM, PC*

Charles E. Robinson, Jr. (ROB-106)
Renay Bertella (BER-051)
P.O. Box 370
Ashville, Alabama 35953
205-594-5133

And:

John E. Guerry, III
*MOTLEY RICE, LLC*
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9488

Kevin D. Graham (GRA054)
*JACKSON, FOSTER & GRAHAM, L.L.C.*
Post Office Box 2225
Mobile, Alabama 36652
251-433-6699

Martin K. Berks
*ENVIRONMENTAL ATTORNEYS GROUP, P.C.*
2145 14th Avenue South, Suite 100
Birmingham, AL 35205
205-326-1000

7

NOTE TO CLERK: DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER AT:

BILL VANN COMPANY, INC.
c/o Registered Agent: William O. Vann
2944 Redmont Park Lane
Birmingham, Alabama 35205

CSX TRANSPORTATION, INC.
c/o Registered Agent: CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, Alabama 36104

MEADWESTVACO CORPORATION
c/o Registered Agent: The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

8