IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SHELIA G. HENDERSON, | } |
| Plaintiff, | } |
| v. | } Case No. 4:06-CV-1366-RDP |
| MEADWESTVACO CORPORATION, et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Remand (Doc. # 10), and Defendant MeadWestvaco Corporation's Motion to Strike Portions of the Affidavit of Roy G. Jackson (Doc. # 20).[1] The motions have been fully briefed, and for the reasons outlined below, the court finds that Plaintiff's motion is due to be granted, while Defendants' motion is moot.[2]

### I.    INTRODUCTION AND PROCEDURAL HISTORY

In this wrongful death lawsuit filed on June 16, 2006 in the Circuit Court of St. Clair, Alabama, against Defendants MeadWestvaco Corporation ("Mead"), CSX Transportation, Inc. ("CSX") and Bill Vann Company, Inc. ("Vann"),[3] Plaintiff Sheila Henderson alleges that the February 1, 2006 death of her husband, Tony Henderson, was caused by exposure to asbestos-

---

[1] On July 28, 2006, Defendant CSX Transportation, Inc. joined in MeadWestvaco's opposition to Plaintiff's motion to remand. (Doc. # 19).

[2] Given that it finds that it lacks jurisdiction over this case, the court cannot rule on the other pending summary judgment motions (and the corresponding motion to strike) and will direct the Clerk of Court to administratively terminate them from the court's docket. (Docs. # 7, 14, 29).

[3] Bill Vann Company, Inc. is the successor to Young & Vann Supply Company, the entity in existence at the time of Plaintiff's alleged exposure to asbestos. For ease of reference, however, the court will refer collectively to Bill Vann Company, Inc. and Young & Vann Supply Company as simply "Vann."

containing products manufactured, distributed, or supplied by Defendants. (Doc. # 1, Ex. A). Prior to his death, Mr. Henderson was litigating a personal injury lawsuit in the State Court of Fulton County, Georgia (hereinafter the "Georgia personal injury case") against the same Defendants and based on the same allegations that Defendants' asbestos-containing products led to his November 11, 2004 diagnosis of the cancer mesothelioma which ultimately caused his death. The Georgia personal injury case had been pending for almost one year when Mr. Henderson passed away and was voluntarily dismissed by Plaintiff shortly after she filed this wrongful death case in St. Clair County, Alabama. On July 14, 2006, Defendants removed the case to this court on the basis of diversity jurisdiction and fraudulent joinder with respect to Vann, a resident of Alabama. (Doc. #1).

## II.     APPLICABLE LEGAL PRINCIPLES

The law is clear that the burden of establishing subject matter jurisdiction for the purpose of removal to this court is on the removing defendants. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997), the Eleventh Circuit addressed the issue of removal based on diversity jurisdiction when, as here, it is alleged that a non-diverse defendant has been fraudulently joined:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[4] The standard is onerous because, absent fraudulent joinder, a plaintiff

---

[4]Under the second prong of the fraudulent joinder test, the court must determine whether Plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity jurisdiction. No issue related to this prong has been raised in this case. Moreover, although the

has the absolute right to choose her forum. That is, courts must keep in mind that the plaintiff is the master of her complaint and has the right to choose how and where she will fight her battle. *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) ("[A]bsent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.").

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks*, 308 F.2d at 478 (citations omitted). Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* that a claim exists. "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir., Unit A 1981)). Therefore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (internal quotations omitted). It is clear that a plaintiff "need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Tillman v. R.J. Reynolds Tobacco*,

---

Eleventh Circuit has also identified a third circumstance in which fraudulent joinder may exist – where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant – the parties agree that situation is not at issue in this case either. *See, e.g., Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Accordingly, the court limits its analysis to the first inquiry outlined by the Eleventh Circuit in *Crowe*. In relation to that inquiry, the parties are in agreement that the appropriate standard for the court to apply is whether there is any possibility that Plaintiff can establish a cause of action against the non-diverse Defendant. *Cabalceta*, 883 F.2d at 1561.

253 F.3d 1302, 1305 (11th Cir. 2001) (internal quotations omitted).

### III.   SUBSTANTIVE ANALYSIS

The only issue for this court to consider in its analysis of fraudulent joinder is whether Plaintiff has a *possibility* of stating a valid cause of action against Vann in this wrongful death case. Defendants present three contentions in opposition to remand: (1) "there is absolutely no evidence (nor is it even alleged) that Plaintiff's decedent ever worked with or around any of the asbestos containing products allegedly supplied by [Vann];" (2) "even if there were evidence that Plaintiff was exposed to asbestos-containing products supplied by [] Vann, Plaintiff's claims would still be barred by Alabama's 'no causal relation' defense because Plaintiff has not alleged and cannot prove that [] Vann, as a mere distributor of someone else's products, contributed to the alleged defect or had knowledge regarding the alleged defect that was superior to that of the consumer;" and (3) "any claims against [Vann] are time barred by Alabama's common law Rule of Repose and the statute of limitations applicable to Plaintiff's claim." (Doc. # 17, at 1). As outlined below, none of these arguments are sufficient to satisfy Defendants' onerous burden.

#### A.   Evidence Regarding Mr. Henderson's Interaction with Vann Asbestos Products

First, Defendants urge this court to find that Vann was fraudulently joined based upon a trilogy of Eleventh Circuit cases which require "proof that a plaintiff was exposed to asbestos-containing products for which [that defendant] is responsible" in order to survive summary judgment against a defendant supplier. *See Blackston v. Shook and Fletcher Insulation Co.,* 764 F.2d 1480, 1483 (11th Cir. 1985)(affirming the district court's grant of summary judgment against defendant whose products were used at plaintiff's jobsite because plaintiff failed to establish that he was exposed to asbestos-containing products manufactured by defendant, and plaintiff was not entitled

4

to rebuttable presumption of exposure once he had shown that defendant's asbestos-containing products were used at jobsite when plaintiff worked there); *Lee v. Celotex Corp.,* 764 F.2d 1489, 1490-91 (11th Cir. 1985)(affirming summary judgment for manufacturer of asbestos-containing products because plaintiff failed to show direct exposure to the products or that his job duties required him to work around those products); *Odum v. Celotex Corp.,* 764 F.2d 1486, 1488 (11th Cir. 1985)(reversing summary judgment in favor of manufacturer in asbestos case because genuine issues of material fact existed as to whether defendant's product was used at decedent's job site and whether decedent worked in proximity to products). Relying primarily on discovery conducted in the Georgia personal injury case, Defendants note that the evidence of record at this point does not prove that Henderson worked around asbestos-containing products supplied by Vann. None of the former CAPCO workers who were deposed in the Georgia personal injury case mentioned working around Vann products and none of the job duties identified by Mr. Henderson would have required him to work with any of those products.

Defendants' reliance on the standard established by *Blackston*, *Lee*, and *Odum* is simply misplaced given the current posture of this case. Although failure to prove direct exposure to a Vann asbestos-containing product may be dispositive of Plaintiff's claim in the context of a Rule 56 motion, it is not indicative of fraudulent joinder in the context of a remand motion. In fact, Plaintiff need not "prove" anything at this stage, or otherwise show that she could survive a motion for summary judgment filed by Vann. *Crowe*, 113 F.3d at 1541-42. The burden "is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'" *Crowe*, 113 F.3d at

1541-42 (citation omitted).

Thus, applying the proper standard and drawing all reasonable inferences from the record in Plaintiff's favor, the court cannot say that she has "no possibility" of prevailing on her claim against Vann simply because the current, undeveloped record fails to prove Mr. Henderson's direct exposure to Vann products. Plaintiff has alleged that "[e]ach Defendant, both substantially prior to and during the exposure period, contaminated [Mr. Henderson's] work environment with respirable asbestos fibers." (Complaint at ¶ 9).[5] In support of her Motion to Remand, Plaintiff submitted the affidavit of Roy G. Jackson, an accountant who worked at the CAPCO plant during the same time period as Mr. Henderson. (Jackson Aff. at ¶ 3.) Jackson avers that during the time period when Vann was employed, CAPCO ordered various supplies from Vann "including oil seals, asbestos fabric, gasket materials, brake shoe pad materials, asbestos rope, and asbestos tape." (Jackson Aff. at ¶ 5).[6] While this evidence may not "create a judicial presumption that [Mr. Henderson] was exposed to the asbestos in [Vann's] products," it does not foreclose such a claim either. Accordingly, based upon

---

[5] The court is likewise not persuaded by Defendants' suggestion that Plaintiff's complaint allegations are insufficient to impose liability on Vann. "In this case, the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Henderson v. Washington Nat. Ins. Co.*, __ F.3d __, 2006 WL 186735, at * 3 (11th Cir. 2006)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

[6] Although Defendants have moved to strike paragraphs six and seven of Jackson's affidavit, which claim that CAPCO workers used Vann's asbestos products and that those products "produced visible dust, which all CAPCO employees at the Ragland plant were exposed to and inhaled," (Jackson Aff. at ¶ 7), the court need not decide whether those portions of Jackson's affidavit should be struck. Even without considering those statements, the court finds sufficient support for an "arguable" claim against Vann. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Accordingly, in light of the court's conclusions and decision to remand the case, Defendants' motion to strike is moot.

the limited discovery in this case, and without delving into the merits of Plaintiff's claims "beyond determining whether [they are] arguable" under Alabama law, *Crowe*, 113 F.3d at 1538, the court finds that, at this early stage of the case, the lack of evidence of direct exposure to Vann's products is not sufficient to establish fraudulent joinder.

  **B.**  **Alabama's No Causal Relation Defense**

  Alternatively, Defendants maintain that Vann is fraudulently joined because it "did not contribute to the defective condition, had no knowledge of it, and had no opportunity to inspect the product." *Casrell v. Altec Indus., Inc.*, 335 So.2d 128 (Ala. 1976). "In other words, [the Defendants argue] there was no causal relation in fact between [Vann's] activity in handling the product and its defective condition." *Johnson v. Niagara Machine and Tool*, 555 So.2d 88, 89 (Ala. 1989). Importantly, Defendants' "no causal relation" argument is not an attack on an essential element of Plaintiff's claim – it is an affirmative defense to liability for which Defendants bear the burden of proof. This distinction is significant because, to overcome fraudulent joinder, Defendants must show by clear and convincing evidence that there is no possibility that a causal relationship existed between Vann's actions and the hazardous nature of the products they supplied. This is a hefty burden – the Alabama Supreme Court has made clear that even if a defendant did not contribute to the defective condition of a product, it is *not* entitled to the "no causal relation" defense if it "ha[d] an opportunity to inspect the product that [was] superior to the opportunity of the consumer, or has knowledge of the product that is superior to that of the consumer." *Caudle v. Patridge*, 566 So.2d 244 (Ala. 1990).

  In this case, the court finds that Defendants have not show by clear and convincing evidence that there is no possibility that Vann had superior knowledge or a superior opportunity to inspect its

7

asbestos-containing products prior to supplying them to Mr. Henderson's employer.  In fact, Defendants focus solely on the *lack of evidence* produced by Plaintiff,[7] improperly shifting the onus of proof to Plaintiff and failing to fulfill their burden to provide affirmative evidence of the lack of causal relationship.[8]  Moreover, the evidence of record does not rule out the possibility that the defense is not even available to Vann for one of the reasons set forth by the Alabama courts, *i.e.,* it "distribute[ed] a product under [its] own trade name" without indicating that it was the product of another manufacturer. *Atkins v. American Motors Corp.*, 335 So.2d 134, 143 (Ala.1976) (citing *Sears, Roebuck & Co. v. Morris*, 136 So.2d 883 (1961)).  Although discovery may yield evidence proving that the defense is available and that, indeed, Vann is entitled to the defense as a matter of law, that is not for this court to decide at this early stage of the litigation on these limited facts.

---

[7] Defendants' argument is as follows:

> In the instant case, Plaintiff does not allege and cannot prove that Young & Vann in any way contributed to the allegedly defective condition of the products at issue. Even assuming that everything stated in the Jackson affidavit is correct, all that it establishes is that Young & Vann sold asbestos-containing products to CAPCO that CAPCO specifically ordered.  There is no allegation or evidence to suggest that Young & Vann manufactured the products at issue nor is there any allegation or evidence to suggest that it contributed to the alleged defect in any way.  Likewise, there is no allegation or evidence that Young & Vann had knowledge of the alleged defective condition superior to that of the consumer and ultimate user -- CAPCO.  As such, Plaintiff has alleged no facts and the Jackson affidavit provides no basis for determining that Plaintiff has a possibility of escaping Alabama's "no causal relation" defense under the AEMLD. *See Allen v. Delchamps, Inc.*, 624 So.2d 1065, 1068 (Ala. 1993).

(Doc. # 17, at 15).

[8] "For example, the defendant may show that he is in the business or either distributing or processing for distribution finished products; he received a product already in a defective condition; he did not contribute to this defective condition; he had neither knowledge of the defective condition, nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer." *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1219 (S.D. Ala. 1998) (citing Atkins v. American Motors Corp., 335 So.2d 134, 143 (Ala.1976)).

Therefore, the court finds a "reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir.1997).[9]

### C.  Rule of Repose and the Statute of Limitations

Finally, Defendants maintain that Plaintiff's complaint was filed outside of the applicable limitations period and therefore fails to state a viable claim against Vann. Defendants' argument is twofold. First, because it is undisputed that Mr. Henderson last worked at the CAPCO plant in 1972, Plaintiff's claims are barred by Alabama's one-year statute of limitations that applies to personal injury claims arising from asbestos exposure that occurred prior to 1979. *Garrett v. Raytheon Co.*,

---

[9] Although Defendants point to three other federal district court decisions that found fraudulent joinder of a non-diverse distributor defendant based upon the "no causal relation" defense, those cases are inapposite. In two of those cases, the district judge found as a matter of law that the distributor defendant could not have had superior knowledge of the defect because, in the case of cigarette distributors, "the dangers of cigarette smoking have been a matter of public knowledge since at the latest January 1, 1966" and, in the case of over-the-counter cold medication, the drugstore was sued simply as a retail store, not as a "healthcare provider" who recommended or dispensed the medication specifically to Plaintiff. *See Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213 (S.D. Ala. 1998) (finding as a matter of law that the cigarette distributor defendants did not have superior knowledge regarding the allegedly defective nature of cigarettes because the "dangers of cigarette smoking have been a matter of public knowledge since at the latest January 1, 1966," and therefore the plaintiff "who actually smoked the cigarettes, was certainly at no disadvantage to know their harmful effects as compared to someone who merely sold them"); *Wiggins v. American Home Products*, 2001 WL 34013629 (N.D. Ala. 2001) (finding that a drug store seller of over-the-counter cold medication had no superior knowledge to the consumer regarding the medicine and therefore was fraudulently joined because the no causal relation defense prevented recovery under the AEMLD). In this case, the court cannot, based upon the facts before it, conclude as a matter of law that Vann, a supplier of asbestos-containing products in the 1970s, did not have knowledge of its product superior to Mr. Henderson, a worker in a plant that allegedly came into contact with those products. In the third case cited by Defendants, the district judge found no causal relationship as a matter of law because the product in question was clearly marked as having been manufactured by another company. *Brock v. Baxter Healthcare Corp., et al.*, 96 F. Supp. 2d 1352 (S.D. Ala. 2000) (finding that the Wound Therapy, the distributor of latex gloves successfully established lack of causal relationship and was therefore fraudulently joined because the product in question was clearly marked as manufactured by another company and "Made Exclusively For: Wound Therapy Specialist"). At this point, there is no evidence that Vann's products were so marked.

368 So.2d 516, 520 (Ala. 1979); *Tyson v. Johns-Manville Sales Corp.,* 399 So.2d 263 (Ala. 1981); *Cazalas v. Johns-Manville Sales Corp.,* 435 So.2d 55, 57 (Ala. 1983). Alternatively, Defendants maintain that even if the statute of limitations does not bar Plaintiff's claims, Alabama's common law Rule of Repose operates to bar all personal injury claims that are not commenced within twenty years. *Moore v. Liberty Nat'l Insurance Co.,* 108 F. Supp. 2d 1266, 1275 (N.D. Ala. 2000) ("Application of the rule of repose has only one element – the passage of twenty years from the moment that the actions giving rise to the claim occurred – and, if that time has elapsed, no claim can be pursued."). Both of Defendants' arguments miss the mark.

Because this is a wrongful death action arising out of a previously-filed Georgia personal injury case, this court need not decide whether the 1979 asbestos limitations period and the Statute of Repose - both of which are applicable to Alabama personal injury actions - bar the claims in this case. Although Alabama law permits a wrongful death action to be brought only if "the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death," Ala. Code § 6-5-410(a), the Alabama Supreme Court has interpreted this provision broadly, finding that the statute does not "mandate that the decedent must have been able to commence a personal injury action *in Alabama*." *Pace v. Armstrong World Industries, Inc*. 578 So.2d 281, 285 (Ala. 1991)(emphasis added). In fact, even if a decedent would have been barred from bringing a personal injury action in Alabama because of the statute of limitations, his personal representative may still bring a wrongful death action under Alabama law if that action is based upon a personal injury claim timely filed *in another state. Pace,* 578 So.2d at 285-86; *see also* Doc. # 27, Exs. 14, 15).[10]

---

[10] This interpretation of *Pace* was recently echoed by retired Jefferson County Circuit Judge

The facts in this case fit squarely within the parameters of *Pace*. After being diagnosed in 2004 with a fatal cancer typically caused by asbestos exposure, Mr. Henderson (and his wife) brought an action for personal injuries in the State Court of Fulton County, Georgia against all of the Defendants sued in this case. (Doc. # 1, Ex. A). The case was litigated until Plaintiff voluntarily dismissed the case without prejudice on June 16, 2006, after Mr. Henderson's death and after commencing this lawsuit. (Doc. # 1, Ex. L). As the court in *Pace* interpreted the Wrongful Death Statute, the timely commencement of an action in Georgia satisfies the requirement that a wrongful death action be brought only if "the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." Ala. Code § 6-5-410(a).

Although the parties dispute whether the Georgia action was timely filed – Plaintiff claims that the parties were still briefing the question of whether the Rule of Repose barred Mr. Henderson's claims, while Defendants suggest that the Georgia court was poised to grant summary judgment in its favor on the issue – that is simply not a matter for this court to resolve. As one retired Alabama state court judge noted when considering the impact of *Pace* on an Alabama wrongful death case similarly postured (and discussed in footnote 10 *supra*), "the viability of the Georgia [personal injury] case depends on Georgia . . . .It's strictly determined [by] what Georgia

---

Arthur J. Hanes, Junior, who is acting as a Special Master in the wrongful death case of *Wade v. Ace Hardware Corp., et al.,* currently pending in the Circuit Court of Jefferson County, Alabama. (Doc. # 27, Exs. 14, 15). In that case, Judge Hanes recommended that Defendants' motion summary judgment on the issue of the statute of limitations be denied under the *Pace* reading of the Wrongful Death Statute. (Doc. # 27, Ex. 14, at 5). In *Wade*, as in this case, Plaintiff's Decedent had commenced a personal injury action in Georgia, which Judge Hanes found to be timely because the Georgia court had not issued a ruling to the contrary. (Doc. # 27, Ex. 15, at 79-80). Accordingly, Judge Hanes opined: "[a]s the [Wrongful Death] Statute is interpreted in *Pace*, the fact that the [personal injury] action was timely commenced in Georgia even if the Alabama Statute of Limitations had expired precludes dismissal of the [wrongful death] action." (Doc. # 27, Ex. 14, at 5).

says." (Doc. # 27, Ex.15, at 79-80). In this case, this court simply does not have a determination from the Georgia court that Mr. Henderson's personal injury claims were untimely filed in that jurisdiction. Once again recalling the standard for review of a motion to remand a case on fraudulent joinder grounds, this court may deny the motion only if the defendant has proven by clear and convincing evidence, *see Parks*, 308 F.2d at 478, that there is "no possibility" that Henderson "can establish a cause of action against [Vann]." *Crowe*, 113 F.3d at 1538 (emphasis added). Given this heavy burden, the Alabama Supreme Court's broad interpretation of the Wrongful Death Statute, and the lack of evidence that Mr. Henderson's Georgia personal injury claim was untimely filed, this court cannot conclude that Vann was fraudulently joined.[11]

## IV. CONCLUSION

Given the facts of this case, to conclude that fraudulent joinder exists would require both an impermissible overreach into the merits of Plaintiff's claims and an improper interpretation of Alabama Supreme Court precedent. Because the court finds that Defendants have failed to carry

---

[11] Alternatively, even if this court were to ignore the *Pace* interpretation of the wrongful death statute of limitations and look to the merits of Defendants' limitations arguments, Plaintiff has raised the issue of tolling, which further suggests that remand is the appropriate course of action. Plaintiff has argued that, at least with respect to the Rule of Repose, the limitations period should be tolled due to the delayed diagnosis of Mr. Henderson's health condition. Defendants, of course, deny that Alabama's common law Rule of Repose is subject to a tolling exception. According to the Eleventh Circuit, however, when the viability of a plaintiff's claim against a non-diverse defendant depends upon potential tolling of a statute of limitations, "the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide." *Henderson v. Washington Nat. Ins. Co.*, __ F.3d __, 2006 WL 186735, at * 3 (11th Cir. 2006) (citing *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] all doubts about jurisdiction should be resolved in favor of remand to state court.")). This court is unable to say that there is "no possibility" that an Alabama state court would find that Henderson has sufficiently pled a case for tolling and therefore, for this alternative reason, finds that remand is appropriate.

their burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on her claims, Plaintiff's motion to remand is due to be granted. Defendants' motion to strike is moot. The court will enter an order consistent with this Memorandum Opinion, remanding this case to the Circuit Court of St. Clair County, Alabama. Given the court's lack of jurisdiction over this case, the motions for summary judgment which are also pending in this case are for the state court to decide.

      **DONE** and **ORDERED** this ____17th____ day of August, 2006.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE